UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| PERLE O'DANIEL, | ) | CIV. 05-5089-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | DEFENDANTS' MOTION IN |
| | ) | LIMINE |
| STROUD NA, and | ) | |
| JUDY ROOSA, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, Stroud NA (Stroud) and Judy Roosa, move to exclude all evidence of plaintiff's claims for lost profit damages or, in the alternative, to prohibit an award of prejudgment interest. Plaintiff, Perle O'Daniel, opposes the motion. For the reasons discussed below, the motion is granted.

### DISCUSSION

In his amended complaint, O'Daniel alleges that defendants engaged in negligent misrepresentation, negligent procurement, and fraud and deceit. In each count, O'Daniel asserts that as a result of defendants' conduct, he incurred damages from the loss of his cattle in the amount of $419,450, plus loss of calf crops and other consequential damages. O'Daniel also requests prejudgment interest in relation to each cause of action.

I.      **Negligent Procurement**

Defendants argue that the measure of damages in this case is the amount the insurer would have paid on behalf of the insured had the desired coverage been obtained, which under the policy does not include recovery of lost profits.  O'Daniel responds that tort damages in South Dakota are governed by SDCL 21-3-1, which provides damages in an amount which will compensate for all the detriment proximately caused by a defendant, whether it could have been anticipated or not.  O'Daniel asserts that because of defendants' negligent acts in the procurement of the insurance policy, he was unable to buy cows to replace the ones that were stolen, which deprived him of the calf crop.

Although courts agree that insurance agents and brokers may be liable for failure to procure insurance, there is a split of authority as to the appropriate measure of damages.  The majority of courts have found that an agent or broker is liable for all proximately caused damages up to the amount that the insurer would have had to pay the client had the desired insurance been obtained.  See Lazzara v. Howard A. Essert, Inc., 802 F.2d 260, 266 (7th Cir. 1986) (applying Illinois law) (finding that "[d]amages for a broker's failure to procure or maintain insurance are determined by the terms of the policy that the broker failed to procure"); Royal Ins. Co. of America v. Cathy Daniels, Ltd., 684 F. Supp. 786, 792 (S.D.N.Y. 1988)

(determining that an insurance broker was liable for the losses which the insured "could have recovered from [the insurance company] if the policy had been properly obtained"); Century Boat Co. v. Midland Ins. Co., 604 F. Supp. 472, 483 (W.D. Mich. 1985) (finding that "[a] broker, who was negligent in obtaining a policy of insurance, is liable for any damages proximately caused by his negligence, up to the amount of the insurance he was employed to procure"); Carrier Agency, Inc. v. Top Quality Bldg. Prods., Inc., 519 N.E.2d 739, 743 (Ind. Ct. App. 1988) (stating that "[g]enerally, the measure of damages in a [negligent procurement action] is the amount which would have been due under the policy had it been obtained"); Pete's Satire, Inc. v. Commercial Union Ins. Co., 698 P.2d 1388, 1390-91 (Colo. Ct. App. 1985) (stating that "in assessing damages based on an insurance agent's negligence and failure to procure coverage, the measure is the amount of coverage available had the policy been obtained as promised"); Virginia First Sav. & Loan Ass'n v. Wells, 299 S.E.2d 370, 372 (Va. 1983) (stating that "where a contract to procure insurance is breached, the measure of damages is the amount of loss which would have been subject to insurance, not the amount of insurance applied for"); Action Ads, Inc. v. Judes, 671 P.2d 309, 312 (Wyo. 1983) (stating that "[t]he measure of damages for breach of a contract to obtain insurance is that amount which would have been recovered had the insurance been furnished as agreed");

and Spurlock v. Commercial Banking Co., 227 S.E.2d 790, 795 (Ga. App. 1976) (stating that when an individual "undertakes to procure insurance for another, and is [liable for] negligence in his undertaking, he is liable for loss or damage to the limit of the amount of the agreed policy").

Other courts have declined to invoke the prevailing damage rule and instead allow plaintiffs to recover any and all damages proximately caused by the failure to procure insurance, including lost profits, even if these damages exceed the insurance coverage originally requested by the plaintiff. See Republic Textile Equipment Co. of South Carolina, Inc. v. Aetna Ins. Co., 360 S.E.2d 540, 544-45 (S.C. Ct. App. 1987) (determining that the trial court properly instructed the jury to consider all pecuniary losses resulting from a broker's negligent failure to procure insurance); Topmiller v. Cain, 657 P.2d 638, 641-42 (N.M. Ct. App. 1983) (finding plaintiff was entitled to compensatory damages proximately caused by the negligent failure to obtain insurance); and Joseph Forest Prods., Inc. v. Pratt, 564 P.2d 1027, 1029 (Or. 1977) (stating that "if the plaintiff is able to prove that additional consequential damages resulted from the agent's failure to obtain coverage, he will then be entitled to recover those consequential damages as well").

Significantly, the South Dakota Supreme Court has determined that "[u]pon a breach of [the duty to procure the type and amount of insurance requested by the client], the measure of damages is the amount the insurer

would have paid on behalf of the insured had the desired coverage been obtained." Kobbeman v. Oleson, 574 N.W.2d 633, 635 (S.D. 1998).[1]  In determining that this is the proper amount of damages to be awarded for negligent procurement, the court made no mention of SDCL 21-3-1 or consequential damages, such as lost profits. See id.  Here, O'Daniel is alleging that defendants breached their duty by failing to procure the type of insurance he requested or by failing to notify him that defendants could not obtain the insurance coverage he requested.  Accordingly, if defendants are found liable for negligent procurement, the measure of damages is the amount that they would have paid to O'Daniel under the insurance policy had defendants procured the insurance coverage as he had requested.  No evidence has been presented demonstrating that O'Daniel requested insurance coverage for lost profits regarding his cattle.  Therefore, evidence related to O'Daniel's loss of profits will be excluded in relation to his negligent procurement claim.

**II.    Negligent Misrepresentation**

Defendants argue that damages for negligent misrepresentation do not include the benefit of O'Daniel's contract with defendants, but rather only include out-of-pocket loss.  Defendants assert that the Eighth Circuit

---

[1] In this diversity case, South Dakota law controls the substantive issues.  See Integrity Floorcovering, Inc. v. Broan-Nutone, LLC, 521 F.3d 914, 917 (8th Cir. 2008).

Court of Appeals found that the South Dakota Supreme Court would follow the Restatement (Second) of Torts § 552B(2), and this section of the Restatement does not provide for lost profit damages with regards to negligent misrepresentation claims.  O'Daniel responds that he is entitled to the benefits to which he was led to believe that he would receive by Roosa's statements, even though the benefits were not included in the terms of the policy.  O'Daniel argues that his damages are based upon the specific value of his cattle and the lost profits associated with those cattle.

The court is unaware and the parties have not cited a South Dakota Supreme Court case directly addressing the amount of damages a plaintiff may recover for a negligent misrepresentation claim.  When this court is applying South Dakota law and the South Dakota Supreme Court has not specifically addressed an issue, the court must determine what the state supreme court "would probably hold were it to decide the issue." Farr v. Farm Bureau Ins. Co., 61 F.3d 677, 679 (8th Cir. 1995).  In resolving such questions, the court may consider relevant state precedent, analogous decisions, scholarly works, and other reliable data.  See id.

The tort of negligent misrepresentation as articulated in Restatement (Second) of Torts § 552 has been cited with approval by the South Dakota Supreme Court.  See Meyer v. Santema, 559 N.W.2d 251, 254 (S.D. 1997) and Pickering v. Pickering, 434 N.W.2d 758, 762 (S.D. 1989).  The measure

of damages for a negligent misrepresentation claim is set forth in Restatement (Second) of Torts § 552B and provides, in pertinent part, that "[t]he damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant."  Comments (a) and (b) to § 552B specify that damages for negligent misrepresentation are determined by out-of-pocket loss or reliance damages.  Because South Dakota follows the tort of negligent misrepresentation as set forth in the Restatement, this court believes that the South Dakota Supreme Court would also follow the provisions relating to damages for negligent misrepresentation as set forth in the Restatement.  As such, pursuant to the Restatement, O'Daniel is not entitled to recover loss profits and O'Daniel is precluded from introducing such evidence in relation to his negligent misrepresentation claim.

     Further, in Karas v. American Family Ins. Co., 33 F.3d 995 (8th Cir, 1994), the Eighth Circuit, applying South Dakota law, determined that the record did not support recovery of damages for mental suffering with relation to claims based upon an insurance agent's negligent misrepresentations about the extent of coverage in the plaintiff's health insurance policy.  But the court found that because the plaintiff had established her claim of negligent misrepresentation, she was allowed to recover benefits that the insurance agent represented to her that she would

receive, despite the fact that those benefits were not included in the terms of the policy. The Eighth Circuit explained that although it was unclear whether the plaintiff was asserting her misrepresentation claim under the theory of tort or contract, under either theory, the plaintiff was not entitled to mental anguish damages. The court then stated that there was a substantial basis for characterizing the plaintiff's claim as a breach of contract claim. The court mentioned that in Farmers Mut. Auto. Ins. v. Bechard, 122 N.W.2d 86, 92 (S.D. 1963), the South Dakota Supreme Court determined that an insurance company was estopped from denying representations by its agent as to the extent of coverage. Id. at 996-999. The court explained that this meant that "policyholders [were] free to claim those benefits to which they would have been entitled had the misrepresented coverages actually been part of the policy." Id. at 998. Such a statement lends support to the fact that the South Dakota Supreme Court would not allow a plaintiff to recover lost profits in a lawsuit based upon a negligent misrepresentation claim, unless the insurance agent had specifically represented that the insured would receive lost profits.

     Moreover, the Eighth Circuit mentioned that generally damages for mental suffering are not allowed for breach of contract claims, including misrepresentation claims, and that the Restatement (Second) of Torts § 552B provided that the only damages recoverable for negligent

8

misrepresentation were those necessary to compensate the plaintiff for pecuniary loss. The court's acknowledgment of Restatement (Second) of Torts § 552B, which is entitled "damages for negligent misrepresentation," further supports this court's prediction that the South Dakota Supreme Court would apply this Restatement section when making its determination about damages available to a plaintiff under a negligent misrepresentation claim. Therefore, the court finds that O'Daniel is not entitled to lost profit damages under his negligent misrepresentation claim and, as a result, evidence regarding O'Daniel's loss of profits will be precluded.

### III.   Fraud

Because the court has granted defendants' motion for summary judgment with regard to O'Daniel's deceit and fraud cause of action, the court finds that defendants' request to preclude evidence of lost profits in relation to this claim is granted. See Docket 152.

### IV.   Prejudgment Interest

SDCL 21-1-13.1 provides that "[a]ny person who is entitled to recover damages . . . is entitled to recover interest thereon from the day that the loss or damage occurred." It further provides that "[t]he court shall compute and award the interest . . . and shall include such interest in the judgment in the same manner as it taxes costs." SDCL 21-3-13.1. Based upon the court's determination that O'Daniel is precluded from submitting evidence

about his lost profits, upon proper findings by the jury, O'Daniel may be entitled to an award of prejudgment interest. Accordingly, it is hereby

ORDERED that defendants' motion in limine as it relates to evidence of plaintiff's lost profits (Docket 122) is granted.

Dated November 24, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE