UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| PERLE O'DANIEL, | ) | CIV. 05-5089-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANTS' MOTION TO |
| | ) | CONSOLIDATE ACTIONS |
| STROUD NA, and | ) | |
| JUDY ROOSA, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, Stroud NA (Stroud) and Judy Roosa, move to consolidate this case with another related civil case pending in the District of South Dakota, Southern Division. Plaintiff, Perle O'Daniel, joins in defendants' motion for consolidation. The motion for consolidation is denied.

## DISCUSSION

Stroud and Roosa move to consolidate this action with <u>Fin-Ag, Inc. v. NAU Country Ins.</u>, Civ. 08-4141. Stroud and Roosa argue that consolidation of these two cases is appropriate because if coverage exists under the NAU Country Insurance (NAU) policy, there can only be one recovery by either O'Daniel or Fin-Ag, Inc. (Fin-Ag). Stroud and Roosa assert that the NAU policy for FO-20 indicates that Fin-Ag has no greater rights under the NAU policy than O'Daniel. Stroud and Roosa further point out that O'Daniel has assigned any claim he may have against NAU, Roosa, and Stroud to Fin-Ag in his approved bankruptcy plan. Finally, Stroud and Roosa argue that they would be required to simultaneously defend two

lawsuits arising from the same alleged acts and occurrences, which could result in the entry of two separate judgments for the same loss.  O'Daniel agrees with defendants' arguments, asserting that the cases should be consolidated because both cases involve similar questions of law, identical facts, essentially the same parties and witnesses, and the possibility of inconsistent rulings or multiple awards.[1]

The court has authority to consolidate acts pursuant to Fed. R. Civ. P. 42(a), which states:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any and all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

" 'The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion.' " Bendzak v. Midland Nat'l Life Ins. Co., 240 F.R.D. 449, 450 (S.D. Iowa 2007) (quoting Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999)).  The purpose of

---

[1] Stroud and Roosa also made a motion to consolidate actions in Fin-Ag, Inc. v. NAU Country Ins. Co., 08-4141, Docket 11, which is the case pending in the District of South Dakota, Southern Division.  The motion and brief filed by Stroud and Roosa in that case are identical to those filed in this case and request that the court consolidate the two cases.  Unlike the plaintiff in this case, O'Daniel, the plaintiff in that case, Fin-Ag, opposed the motion to consolidate.  Fin-Ag argues that it is entitled to coverage under the NAU insurance policy for the theft of O'Daniel's cattle because it is not subject to the exclusions under the NAU policy that have been applied against O'Daniel.  Fin-Ag essentially argues that its rights under the policy are not limited to the rights afforded to O'Daniel under the NAU policy.  Fin-Ag, Inc. v. NAU Country Ins. Co., 08-4141, Docket 14.

consolidation is "to avoid unnecessary cost or delay." Id. "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). The district court has broad discretion in determining whether to consolidate cases containing a common question of fact or law. See Enter. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994).

Here, the two cases arise from the same factual situation. Fin-Ag loaned money to O'Daniel for his cattle operation and the loans were secured by O'Daniel's cattle. The terms and conditions of the loans to O'Daniel included the requirement that he maintain insurance coverage on his cattle. In 2001, O'Daniel placed his cattle with Midwest Feeders, a third party responsible for feeding the cattle, and O'Daniel sought insurance coverage, including coverage for theft of his cattle. Roosa obtained insurance coverage for O'Daniel through Stroud with NAU. Fin-Ag was identified in the policy declarations as a party with a security interest in O'Daniel's cows and calves. In September 2002, O'Daniel discovered that some of his cattle were missing from Midwest Feeders. Both O'Daniel and Fin-Ag gave notice of the loss and submitted a claim to Roosa, Stroud, and NAU. NAU denied coverage. Further, the two cases also present some of the same causes of action. Under the claims remaining in the Western Division action, O'Daniel asserts that defendants Roosa and Stroud engaged

in negligent misrepresentation and negligent procurement.  In the Southern Division action, Fin-Ag asserts that defendants NAU, Stroud, and Roosa breached the terms and conditions of the insurance contract and did so in bad faith.  In the alternative, Fin-Ag maintains that defendants engaged in fraud and misrepresentation, negligent misrepresentation, deceit, and negligent procurement.  Also, in the alternative, Fin-Ag requests relief consistent with equitable estoppel and revision/reformation of contract.  As a result, the court will likely be confronted with some similar factual and legal issues in the two cases.  The court thus finds that it has the power pursuant to Rule 42(a) to consolidate the cases.

Next, the court must determine whether consolidation is appropriate because "the mere fact that a common question is present, and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation." 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2383 (2008).  In fact, "there are many reasons why a district court judge may deny a request for consolidation of separate cases." Id.  "For example, a motion under Rule 42(a) may be denied if . . . consolidation will cause delay in the processing of one or more of the individual cases, or will lead to confusion or prejudice in the effective management or trial of one or more of the cases." Id.

4

Additionally, "the district court may deny consolidation when one of the actions has proceeded further in the discovery process than the other." Id.

Consolidation of the two cases would cause delay in the processing of O'Daniel's case. O'Daniel initially filed this lawsuit in state court over three years ago on September 2, 2005, and defendant NAU subsequently removed the case to federal court. On August 8, 2006, almost one year after the lawsuit was filed, O'Daniel filed an amended complaint. The court originally ordered that all discovery be completed by November 1, 2006. Since the initial scheduling order, O'Daniel has moved to amend the scheduling order once and the parties have submitted three stipulations to amend the scheduling order. As a result of those extensions, the discovery in this case was completed by July 21, 2008, and summary judgment motions were filed on August 21, 2008. The court granted in part and denied in part Roosa and Stroud's second motion for summary judgment and, therefore, this case is ready to be scheduled for trial.

In contrast, Fin-Ag filed its complaint/declaratory judgment action on September 2, 2008, exactly three years after O'Daniel initially filed his lawsuit. In that case, defendant NAU moved to dismiss and, consequently, the court has not issued a scheduling order setting forth deadlines. If the court were to consolidate the cases, O'Daniel's case, which has been pending for three years, has completed discovery and pretrial motions, and

is ready to be set for trial, would be unreasonably delayed by Fin-Ag's case, which has been pending for a mere three months, has no scheduling order dictating deadlines for discovery and pretrial motions, and is not ready to be set for trial. Accordingly, the court finds that consolidation is not appropriate due to the unreasonable delay it would cause O'Daniel's case.

Further, consolidation may lead to confusion. Because this court granted NAU's motion for summary judgment and denied O'Daniel's motion for reconsideration, the two cases involve different defendants. O'Daniel's case includes two defendants, Roosa and Stroud. Although NAU filed a motion to dismiss, Fin-Ag's case currently names three defendants, NAU, Roosa, and Stroud. Because NAU was the insurance company insuring O'Daniel, as the insured, and Fin-Ag, as the secured creditor, the fact that Fin-Ag's case includes NAU as a defendant may cause confusion as to why NAU could potentially be held liable in Fin-Ag's case and not in O'Daniel's case. Additionally, the claims pending against defendants differ in both cases. In O'Daniel's case, the only remaining claims are negligent misrepresentation and negligent procurement. In the Fin-Ag case, the claims include breach of contract, and in the alternative, fraud, negligent misrepresentation, deceit, negligent procurement, equitable estoppel, and reformation of a contract. Thus, the courts finds that consolidation is not

6

proper as it may cause confusion with regards to the liability of the different defendants on differing claims in each individual case.

Finally, O'Daniel's case has proceeded further in the discovery process than Fin-Ag's case. As mentioned above, the discovery in O'Daniel's case is completed, while the parties in Fin-Ag's case have only recently, if at all, commenced discovery. Because the cases are at much different stages of preparation and litigation, consolidation would cause further delay and, thus, is not appropriate. In sum, the court finds that consolidation of the two cases is not proper because it would cause delay in O'Daniel's case and would lead to confusion. Based on the foregoing, it is hereby

ORDERED that defendants' motion to consolidate actions (Docket 148) is denied.

Dated December 9, 2008.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE