UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PERLE O'DANIEL, | CIV. 05-5089-KES |
| Plaintiff, | |
| vs. | ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |
| STROUD NA and JUDY ROOSA, | |
| Defendants. | |

Defendants, Stroud NA (Stroud) and Judy Roosa, move for a protective order forbidding plaintiff from making inquiry into matters related to punitive damages. Plaintiff, Perle O'Daniel, opposes the motion. The motion is granted.

**DISCUSSION**

**I.    Motion Proper**

The law of the case doctrine provides that a court's decision on legal issues should govern the same issues in later stages of the same case. <u>Arizona v. California</u>, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983). The doctrine, however, applies only to issues decided by final judgments. <u>Smith v. Mark Twain Nat'l Bank</u>, 805 F.2d 278, 286 n.16 (8th Cir. 1986). "A final judgment is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

Borntrager v. Central States, Southeast & Southwest Areas Pension Fund, 425 F.3d 1087, 1091 (8th Cir. 2005) (internal quotation and citation omitted).  As such, the district court's ruling on plaintiff's request to conduct discovery in relation to punitive damages is not a final judgment and the court is free to reconsider the issue.

Further, a district court may properly depart from an earlier holding "if convinced that it is clearly erroneous and would work a manifest injustice." Arizona v. California, 460 U.S. at 618 n.8, 103 S. Ct. at 1391 n.8.  When a district court is convinced that it incorrectly decided a legal question in an interlocutory ruling, the district court may correct the decision to avoid later reversal.  Conrod v. Davis, 120 F.3d 92, 95 (8th Cir. 1997).  Here, in their motion for protective order, defendants have cited an array of new cases and raised completely different arguments regarding the applicability of punitive damages to O'Daniel's negligent misrepresentation and negligent procurement causes of action as compared to their initial brief on the issue.  Based upon the new authorities cited by defendants, instead of waiting until O'Daniel has ended his case in chief to determine whether evidence of punitive damages is appropriate, the court finds that it is proper to make such a ruling now.

## II. Punitive Damages

### A. Negligent Misrepresentation

The South Dakota Supreme Court has cited with approval the definition of negligent misrepresentation as set forth in Restatement (Second) of Torts § 552. See Meyer v. Santema, 559 N.W.2d 251, 254 (S.D. 1997). Based upon this, the court believes that the South Dakota Supreme Court would also apply the measure of damages for negligent misrepresentation articulated in the Restatement. Restatement (Second) of Torts § 552B states in part that "[t]he damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause."

Courts have determined that damages allowed for a negligent misrepresentation claim in accordance with Restatement (Second) of Torts § 552B do not include punitive damages.[1] See Middleton v. Russell Group,

---

[1] Defendants rely on Moore v. Kluthe & Lane Ins. Agency, Inc., 234 N.W.2d 260 (S.D. 1975) to argue that the South Dakota Supreme Court has held that punitive damages are not recoverable in negligent misrepresentation cases. Defendants specifically point out that in that case, the South Dakota Supreme Court stated that SDCL 20-9-1 grants a cause of action for willful acts as well as for ordinary negligence and that one distinction between the two causes of action is that punitive damages may be awarded for willful acts but not for negligent acts. While it is true that the South Dakota Supreme Court did make this statement, this court finds that such statement does not translate into a finding that punitive damages are not appropriate in negligent misrepresentation cases. The pertinent South Dakota statute in relation to punitive damages states that punitive damages are appropriate when a defendant has acted with oppression, fraud, or malice when breaching an

Ltd., 483 S.E.2d 727, 743 (N.C. App. 1997) (determining that plaintiff was not entitled to punitive damages under the negligent misrepresentation measure of damages set forth in the Restatement (Second) of Torts § 552B) and Rosales v. AT&T Information Systems, Inc., 702 F. Supp. 1489, 1501 (D. Colo. 1988) (determining that pursuant to Restatement (Second) of Torts § 552B, punitive damages are not allowed for a negligent misrepresentation claim).

Further, other courts have determined that punitive damages are not available for a negligent misrepresentation cause of action without specifically mentioning the Restatement. While these courts have not relied upon the measure of damages explanation set forth in Restatement (Second) of Torts § 552B, they have still found that only compensatory damages, not punitive damages, are allowed in a negligent misrepresentation case. See, e.g., Morton v. Bank of Bluegrass & Trust Co., 18 S.W.3d 353, 358 (Ky. App. 1999) (deciding that punitive damages are not recoverable based upon a negligent misrepresentation cause of action) ; Manchester Mfg. Acquisitions, Inc. v. Sears, Roebuck & Co., 802 F. Supp. 595, 606 (D.N.H. 1992) (finding that punitive damages are not allowed in relation to a negligent

---

obligation not arising from a contract. See SDCL 21-3-2. Accordingly, the court finds that there is no controlling South Dakota authority addressing whether punitive damages are recoverable in negligent misrepresentation cases and, as a result, the court will rely on well-reasoned persuasive authority.

misrepresentation claim because the measure of damages is actual pecuniary loss); and Reid v. Moskovitz, 255 Cal. Rptr. 910, 911-12 (App. Ct. 1989) (finding that no punitive damages are warranted for a negligent misrepresentation cause of action). Accordingly, based upon the above persuasive authority, the court finds that O'Daniel cannot recover punitive damages in relation to his negligent misrepresentation claim.

B.   **Negligent Procurement**

Under South Dakota law, upon an insurer's breach of his duty to obtain the type and amount of insurance applicants request, "the measure of damages is the amount the insurer would have paid on behalf of the insured had the desired coverage been obtained." Kobbeman v. Oleson, 574 N.W.2d 633, 635 (S.D. 1998).[2] It necessarily follows that because the damages are measured based upon contract damages, the obligation of procuring insurance must arise out of a contract to procure the insured's

---

[2] Similarly, other courts have also determined that if an insurance agent's negligence results in coverage less than that desired by an insured, the agent will be liable for the amount the insured would have received had the correct coverage been in place. See, e.g., Lennon v. Durcan-Cuddy Ins. Agency, Inc., 2008 WL 2874591, at *1 (Mass. App. July 23, 2008) (stating that because the plaintiff's claim was based on the insurance agent's failure to procure coverage, his damages were measured by the amount he could have recovered under the insurance policy had it properly been procured) and Minor v. Allstate Ins. Co., 675 N.E.2d 550, 554 (Ohio App. 1996) (stating in the event the insurance coverage procured was less than that desired by the insured, the extent of the agent's liability is the amount the insured would have received from the insured had the coverage been placed).

5

requested insurance. Under South Dakota law, punitive damages are appropriate when a defendant has acted with oppression, fraud, or malice when breaching an obligation not arising from a contract. See SDCL 21-3-2. Accordingly, punitive damages are not proper in this case because defendants' obligations arise out of a contract to procure insurance for O'Daniel.

Although it has been indicated that punitive damages may be appropriate in an action against an insurance agent for failure to procure insurance, it has also been recognized that the availability of punitive damages depends on the law in each particular jurisdiction. See 3 Couch on Insurance § 46:74. Considering the fact that South Dakota law only allows contract damages in a negligent procurement cause of action coupled with the fact that the South Dakota statute governing punitive damages only allows punitive damages for a breach of an obligation not arising out of a contract, the court finds that South Dakota law does not allow punitive damages for O'Daniel's negligent procurement claim. As such, O'Daniel is not allowed to engage in discovery related to punitive damages.

Accordingly, it is hereby

ORDERED that defendants' motion for protective order (Docket 175) is granted.

IT IS FURTHER ORDERED that plaintiff's motion to compel discovery of punitive damages (Docket 183) is denied.

Dated March 16, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE