FILED
SEP 24 2009

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PERLE O'DANIEL, | \* | CIV 05-5089 |
| Plaintiff, | \* | |
| vs. | \* | ORDER ON |
| | \* | PREJUDGMENT INTEREST |
| JUDY ROOSA and STROUD NA, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Perle O'Daniel, brought suit against Defendants, NAU, Judy Roosa, and Stroud NA, claiming that Roosa engaged in negligent misrepresentation, negligent procurement, and fraud and deceit. The Court granted summary judgment in favor of NAU, finding that Roosa was not an agent of NAU and therefore NAU could not be held liable for her actions. The Court also granted summary judgment in favor of Roosa and Stroud on O'Daniel's fraud and deceit claim. O'Daniel's negligent misrepresentation and negligent procurement claims were tried to a jury. The jury found in favor of O'Daniel on the negligent misrepresentation claim and awarded him $519,525.00 and found that he was entitled to prejudgment interest on $519,525.00 during the period from November 15, 2002, to present. Both parties have submitted proposed calculations of the amount of prejudgment interest O'Daniel is entitled to receive.

## DISCUSSION

O'Daniel requests prejudgment interest in the amount of $335,922.40. O'Daniel bases his calculation on the fact that he is entitled to receive prejudgment interest on $519,525.00 commencing November 15, 2002, and ending on May 4, 2009. O'Daniel also requests $142.34 per day after May 4, 2009, to the date of the entry of judgment. Defendants respond that O'Daniel's decisions in electing who and when to sue them and decisions regarding seeking delays require the court to deduct $210,805.54 from any award of prejudgment interest in this case.

I.   **Initial Decision to Sue NAU**

Defendants submit that 1019 days of interest ($145,044.46) should be deducted from the amount of prejudgment interest awarded to O'Daniel because he initially elected to sue NAU instead of Defendants. O'Daniel responds that until the Eighth Circuit determined that his insurance policy did not cover the loss of his cattle, he had no reason to believe that Defendants had misrepresented the coverage procured and therefore had no reason to bring suit against Defendants.

During the trial, the Court found that the initial lawsuit filed against NAU was inadmissible. The Court reasoned that the initial lawsuit and its ultimate result might confuse the jury and cause speculation by the jury. Defendants never argued that the facts surrounding the initial lawsuit were admissible because the jury might find that such facts would reduce the amount of prejudgment interest potentially awarded to O'Daniel. As such, Defendants cannot now raise an argument that if it was to be made, should have been raised during trial.

Even after the Court's ruling that the prior lawsuit was inadmissible, Defendants did not object to the jury instruction regarding prejudgment interest. The jury instruction explained that O'Daniel would be entitled to recover interest from the day that the loss occurred, except during a period of time, the person liable for the damages was prevented by law, or an act of the person entitled to recover the damages, from paying the damages. Docket 236. As such, the Court finds that it appropriately instructed the jury on prejudgment interest and based on the facts presented to the jury, the jury made a finding that is consistent with the law.

Indeed, courts have determined that even if a plaintiff does not promptly file a lawsuit, that plaintiff is still entitled to prejudgment interest for the entire time period between the plaintiff's loss and the decision. See Century Wrecker Corp. v. E.R. Buske Mfg. Co., 913 F. Supp. 1256, 1282 (N.D. Iowa 1996) (finding that the plaintiff's undue delay in prosecution was not a sufficient justification for withholding prejudgment interest); Kalman v. Berlyn Corp., 914 F.2d 1473, 1486 (Fed. Cir. 1990) (determining an award of prejudgment interest is not an abuse of discretion where undue delay in prosecution was due to the plaintiff's involvement in another patent infringement suit and the defendant knew about this litigation and controlled and financed the third-party's defense) and Lummus Indus., Inc. v. D.M. & E. Corp., 862 F.2d 267, 275 (Fed. Cir. 1988) (concluding that there must be prejudice to the defendant and no reasonable excuse for the unreasonable delay in bringing suit in order to limit or deny prejudgment interest). Accordingly, O'Daniel's failure to

immediately bring a cause of action against Defendants does not justify deducting prejudgment interest for 1019 days and, as such, O'Daniel is entitled to receive prejudgment interest for this time period.

## II. Continuances

Defendants also argue that 462 days ($65,761.08) should be deducted from the amount of prejudgment interest awarded to O'Daniel because he moved for at least three continuances, which delayed the progression of the case. O'Daniel responds that the requested continuances were triggered either by Defendants' actions or by way of stipulation and as such, he is entitled to prejudgment interest despite his requested continuances.

Courts have determined that where a defendant appears to have been consistently ready to go to trial, but repeated delays are caused by the plaintiff's unilateral action, it would not be equitable to award plaintiff prejudgment interest during those periods of delay, where the delays were of substantial length. See Safeco Ins. Co. of America v. City of Watertown, 538 F. Supp. 49, 52 (S.D.D. 1982). But, here the motions for continuance filed by O'Daniel were either caused by Defendants' failure to properly comply with O'Daniel's discovery requests or requested jointly by the parties.

On July 12, 2007, O'Daniel moved to amend the scheduling order. Docket 74. The Court found that based on Roosa's delayed discovery disclosure, Stroud NA's alleged continuing delayed discovery disclosure, and the consequential cancellation of scheduled depositions, good cause existed to amend the scheduling order. Docket 84. The need for this continuance was caused, in part, by Defendants' failure to provide documents to O'Daniel and the resulting delay of depositions, not O'Daniel's unilateral actions. Thus, this continuance should not be excluded from the time period upon which O'Daniel is entitled to prejudgment interest.

Subsequently, on February 14, 2008, O'Daniel and Defendants jointly moved the Court to receive, approve, and make a part of the record the stipulation for amended scheduling order entered into by the parties. Docket 91. The Court approved the stipulation for amended scheduling order. Docket 92. Therefore, the continuance was not a product of O'Daniel's unilateral actions, but, rather, both O'Daniel and Defendants wanted additional time to prepare the case. Accordingly, this continuance should not be excluded from the award of prejudgment interest.

Finally, on July 16, 2008, the parties filed a stipulation, requesting the Court to amend the

scheduling order based on changed circumstances. Docket 114. The Court noted that good cause existed to amend the scheduling order based on a stipulation to amend the scheduling order filed by the parties. Docket 116. Again, this continuance did not result from O'Daniel's unilateral actions. Instead, the parties both requested additional time and as such, this continuance should not be deducted from the time period that O'Daniel is entitled to receive prejudgment interest.

Moreover, the Court finds that the case proceeded in a normal manner and the continuances did not cause any untoward delay. In sum, prejudgment interest should not be deducted due to the continuances in this case.

### III. Calculation

"In a diversity case, the question of prejudgment interest is controlled by state law." Trinity Prods, Inc. v. Burgess Steel, LLC, 486 F.3d 325, 335 (8th Cir. 2007). Under South Dakota law, "[a]ny person who is entitled to recover damages . . . is entitled to recover interest thereon from the day that the loss or damage occurred, except during such time as the debtor is prevented by law, or by act of the creditor, from paying the debt." SDCL § 21-1-13.1. "If there is a question of fact as to when the loss or damage occurred, prejudgment interest shall commence on the date specified in the verdict or decision and shall run to, and include, the date of the verdict." Id. Here, the jury found that Roosa negligently misrepresented the coverage provided by O'Daniel's insurance policy and awarded him $519,525.00. The jury also determined that O'Daniel was entitled to prejudgment interest on $519,525.00 during the period from November 15, 2002, to present. The jury returned its verdict on April 24, 2009. Accordingly, O'Daniel is entitled to prejudgment interest on $519,525.00 from November 15, 2002, to April 24, 2009.

In this type of case, "if prejudgment interest is awarded, it shall be at the Category B rate of interest specified in § 54-3-16." SDCL § 21-1-13.1. Category B rate of interest is ten percent per year. SDCL § 54-3-16(2). Therefore, O'Daniel is entitled to prejudgment interest on $519,525.00 from November 15, 2002, to April 24, 2009, at a rate of ten percent per year.

O'Daniel is entitled to prejudgment interest in the amount of $311,715.00 for the six year time period of November 15, 2002, to November 15, 2008.[1] O'Daniel is also entitled to

---

[1] Ten percent of $519,525 is $51,952.50. Accordingly, O'Daniel is entitled to $51,952.50 a year in prejudgment interest. $51,952.50 multiplied by 6 is $311,715.00.

4

prejudgment interest in the amount of $21,646.90 for the five month time period of November 15, 2008, to April 15, 2009.[2] O'Daniel is entitled to prejudgment interest in the amount of $1,281.06 for the nine day time period of April 15, 2009, to April 24, 2009,[3] the date of the jury verdict. Finally, O'Daniel is entitled to prejudgment interest from the date of the jury verdict to the date judgment was entered, that being $21,778.02 for 153 days at $142.34 a day.[4] Accordingly, O'Daniel is entitled prejudgment interest in the amount of $356,420.98.[5]

Based on the foregoing, it is hereby:

ORDERED that Plaintiff is entitled to prejudgment interest in the amount of $356,420.98.

Dated this 24th day of September, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
By_____
              Deputy

---

[2] To ascertain what O'Daniel is entitled to each month for prejudgment interest, $51,952.50 must be divided by 12 months, which equals $4,329.38. O'Daniel is entitled to $4,329.38 a month in prejudgment interest. $4,329.39 multiplied by 5 is $21,646.90.

[3] To ascertain what O'Daniel is entitled to each day for prejudgment interest, $51,952.50 must be divided by 365 days, which equals $142.34. O'Daniel is entitled to $142.34 a day in prejudgment interest. $142.34 multiplied by 9 is $1,281.06.

[4] The sum of $311,715.00, $21,646.90, $1,281.06, and $21,778.02 is $356,420.98.

[5] The delay in entering judgment was because the Court waited for the transcript to be available before ruling on the prejudgment interest issues.

5